**HUESTON HENNIGAN LLP**
Alison L. Plessman, State Bar No. 250631
aplessman@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:    (888) 866-4825

Attorneys for Plaintiff
VMware, LLC (a Broadcom Company)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMware LLC (A BROADCOM COMPANY), | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| KENVUE BRANDS LLC and JOHNSON & JOHNSON SERVICES, INC., | |
| Defendants. | |

COMPLAINT

# COMPLAINT

Plaintiff VMware, LLC ("VMware") brings this action to address willful acts of copyright infringement that have damaged VMware and generated substantial profits for Defendants Kenvue Brands LLC ("Kenvue") and Johnson & Johnson Services, Inc. ("JJSI") (together, "Defendants"). VMware alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement and contributory copyright infringement under the laws of the United States, 17 U.S.C. §§ 1, *et seq*.

2. Defendants have infringed VMware's copyrighted software listed on Schedule A.

3. A true and correct copy of VMware's copyright registrations are attached as Exhibits A-K.

## PARTIES

4. Plaintiff VMware, formerly known as VMware, Inc., is a Delaware limited liability company with its principal place of business in Palo Alto, California. In November 2023, Broadcom Inc. completed its acquisition of VMware, Inc., a Delaware corporation. In connection with the completion of that acquisition, VMware, Inc. converted into a Delaware limited liability company and changed its name from VMware, Inc. to VMware LLC. VMware LLC is now an indirect, wholly owned subsidiary of Broadcom Inc.

5. Defendant Kenvue is a Delaware limited liability company with its principal place of business in Summit, New Jersey. Kenvue is a wholly owned subsidiary of Kenvue Inc.

6. Defendant JJSI is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.

## JURISDICTION AND VENUE

7. The acts in dispute in this case violate VMware's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

8. This Court has subject matter jurisdiction over the copyright causes of action pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act. *See* 17 U.S.C. § 101, *et seq*.

9. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because Defendants are subject to personal jurisdiction here.

10. This Court has personal jurisdiction over Kenvue because the Adoption Agreement described below was negotiated in this forum (and Kenvue has pointed to that agreement to defend its use), the software at issue is owned in and controlled from this forum, and the harm resulting from Defendants' conduct was suffered in this forum. Kenvue has purposefully availed itself of the privilege of conducting activities in this forum by using software owned by Plaintiff (a California citizen), entering into agreements with Plaintiff, and causing foreseeable harm to Plaintiff in this forum. Kenvue knew, or reasonably should have known, that VMware: (a) is located in California, and that Kenvue directed and aimed its unauthorized activities at VMware, which is located in the Northern District of California; and (b) would likely suffer the brunt of the harm caused by Kenvue in California at VMware's principal place of business in Palo Alto, California within this District. Kenvue also directed its correspondence regarding its use of the software to Plaintiff in California. As a result, Kenvue could reasonably anticipate being haled into court here.

11. This Court has personal jurisdiction over JJSI because it purposefully availed itself of the privilege of conducting activities in this forum by entering into a license agreement with Plaintiff (a California citizen) and then exceeding the scope of its license agreement by distributing copyrighted software owned by Plaintiff to Kenvue without authorization, inducing and causing such unauthorized use on the part of Kenvue, and causing foreseeable harm to Plaintiff in this forum. JJSI knew, or reasonably should have known, that VMware: (a) is located in California, and that JJSI directed and aimed its unauthorized activities at VMware, which is located in the Northern District of California; and (b) would likely suffer the brunt of the harm caused by JJSI in California at VMware's principal place of business in Palo Alto, California within this District. As a result, JJSI could reasonably anticipate being haled into court here.

12. The exercise of jurisdiction is reasonable and does not violate fair play or substantial justice. Kenvue and JJSI both infringed copyrighted software owned by Plaintiff in California, knowing it would cause harm to Plaintiff in California, and both agreed this District is a reasonable

forum for resolving disputes between the parties because they agreed any non-infringement claims brought by Defendants against Plaintiff would need to be arbitrated in this District.[1]

## GENERAL ALLEGATIONS

13. This is an action for copyright infringement and contributory copyright infringement brought by VMware against Defendants arising from Defendants' unauthorized distribution and reproduction of VMware's copyrighted software.

14. VMware is a technology company specializing in virtualization and cloud-based software products and services. The virtualization software allows businesses to run multiple virtual machines on a single physical server, each with its own operating system and applications. The cloud-based software solutions enable businesses to build, run, and manage applications across various cloud environments.

15. On information and belief, Kenvue uses VMware software to run applications that are essential to its manufacturing, sales, distribution, and finance operations at manufacturing sites and data centers around the world.

16. Because VMware relies on its portfolio of products to distinguish it from its competitors, VMware's products and technology are protected under patent, copyright, and trademark laws where available.

17. VMware also includes confidentiality clauses in its licensing agreements.

18. VMware monetizes its products and technology through, among other things, product licensing, support, and maintenance. To protect its ability to monetize and market its products and technology, VMware limits the permissible use of the products licensed under each licensing agreement.

19. On December 20, 2013, JJSI and VMware entered into a Software License and Maintenance Agreement (the "SLMA"). The SLMA set forth the terms and conditions that would enable JJSI, as "Licensee," and its affiliates to purchase and use certain software licenses and support and subscription services from VMware as "Licensor." An Enterprise License Agreement ("ELA")

---

[1] While the SLMA and Adoption Agreement, which are discussed below, both contain mediation and arbitration provisions, claims for infringement of intellectual property rights are expressly excluded.

Order, attached to the SLMA as Exhibit B (the "ELA Order"), memorialized JJSI's initial purchase of products and services pursuant to the SLMA, including perpetual licenses to the software listed on Exhibit B-1.

20. Section 2.1(a) of the SLMA states that any licenses granted to JJSI pursuant to an Order under the SLMA were limited to the use of VMware's software for the "internal business purposes" of JJSI and its affiliates.

21. Over the next ten years, JJSI purchased additional software licenses and support services from VMware through a series of twelve amendments to the SLMA.

22. In some cases, JJSI purchased additional perpetual licenses. For example, JJSI purchased additional non-term-limited, perpetual licenses in 2014 and 2018. *See* Amend. No. 2, New ELA Order Schedule (Sept. 29, 2014)[2]; Amend. No. 3, Ex. B-2 ELA Order Form (Sept. 29, 2017).

23. Other times, JJSI purchased subscription licenses that required renewal after a period of years.

24. In 2021, Johnson & Johnson, the ultimate parent company of JJSI, announced its intention to undertake an internal reorganization, pursuant to which it would separate its consumer health business and, therefore, require the consumer health business to operate independently, including entering into a stand-alone contractual relationship with VMware in relation to the consumer health business.

25. In anticipation of the separation, Johnson & Johnson Consumer Inc. (Kenvue's predecessor) and VMware entered into an "Adoption Agreement" effective January 2, 2023. The Adoption Agreement expired on September 30, 2024.

26. Although the Adoption Agreement was intended to replicate some of the terms and conditions of the SLMA following Johnson & Johnson's announcement that it intended to spin off its consumer health business, it only did so "to the extent not expressly modified" by the Adoption Agreement. *See* Adoption Agreement ("AA") § 1.0. The "Modified Terms to the [SLMA]" were extensive. *See id*. at Exhibit A.

---

[2] The dates listed are the specified Effective Dates of these Amendments.

27. Critically, Exhibit A to the Adoption Agreement expressly **deleted** the Orders, amendments, and exhibits—or relevant portions of the Orders, amendments, and exhibits—to the SLMA that set forth the software licensed to JJSI, including perpetual licenses purchased by JJSI under the original ELA Order, Amendment 2, and Amendment 3. *See, e.g.*, AA at Exhibit A §§ 2.1, 2.6, 2.7 (deleting several Orders, amendments, and exhibits to the SLMA in their entirety, including all that granted perpetual licenses to JJSI); *see also* AA § 3.0 (stating certain ordering documents are subject to the Adoption Agreement "as applicable," but omitting "Orders" that granted JJSI licenses to use specific software products).

28. Those Orders, amendments, and exhibits were deleted because the parties did not intend to transfer JJSI's perpetual licenses to Kenvue through the Adoption Agreement. To the extent the parties desired to transfer any perpetual licenses from JJSI to Kenvue, a separate agreement would be required.

29. No agreement transferring JJSI's entitlements to perpetual licenses to Kenvue exists.

30. In fact, JJSI continues to use its perpetual licenses to VMware software.

31. In August 2023, Kenvue's parent company, Kenvue Inc., completed its previously announced separation of J&J's consumer health business. On information and belief, Kenvue Inc. is now a fully independent, publicly traded company that operates its consumer health business through Kenvue Brands LLC, its primary U.S. operating subsidiary, among other affiliates.

32. In June 2024, Kenvue purchased a subscription license from a third-party reseller, BRB Associates Corp., to use certain VMware software for a one-year term.

33. In or around February 2025, Kenvue expressed a desire to renew the subscription license for another year.

34. During an IT scoping exercise of Kenvue's environment conducted by VMware in connection with Kenvue's request to renew its subscription licenses, VMware discovered instances of VMware software being used pursuant to purported perpetual license entitlements, even though VMware had never granted perpetual licenses to Kenvue. When VMware asked Kenvue to provide a license agreement granting such perpetual licenses to Kenvue, it could not do so.

35. On June 14, 2025, counsel for VMware sent a cease-and-desist letter to Kenvue. The

letter asked Kenvue to identify a license agreement in which VMware granted perpetual licenses to Kenvue. If Kenvue could not do so, as VMware suspected, VMware demanded that Kenvue (i) immediately cease and desist all use of VMware software pursuant to purported perpetual licenses, and (ii) confirm in writing within three (3) business days that Kenvue had ceased all such use and destroyed all copies of the software used pursuant to the purported perpetual licenses.

36. Kenvue's counsel responded in a letter dated June 17, 2025. Rather than confirming that Kenvue had ceased all unauthorized use of VMware software pursuant to the purported perpetual licenses, the letter stated that Kenvue was "using the perpetual licenses that VMWare, Inc. expressly agreed to transfer to Kenvue via the Adoption Agreement." The letter further stated that Kenvue needed access to both its perpetual and limited-term licenses "to continue manufacturing its products" and, without such access, Kenvue would suffer "severe damage."

37. On June 21, 2025, counsel for VMware responded to the letter from Kenvue's counsel, rejecting Kenvue's reliance on the Adoption Agreement. VMware's counsel explained that the Adoption Agreement does not grant Kenvue perpetual licenses to use VMware's software or transfer perpetual licenses from JJSI to Kenvue. Rather, the Adoption Agreement expressly deletes and excludes all Orders, amendments, and exhibits through which JJSI purchased such perpetual licenses.

38. VMware's counsel also reiterated VMware's demand that Kenvue (i) immediately cease and desist all use of VMware software pursuant to purported perpetual licenses, and (ii) confirm in writing within three (3) business days that Kenvue had ceased all such use and destroyed all copies of the software used pursuant to the purported perpetual licenses.

39. To date, no such confirmation has been provided by Kenvue. Rather, Kenvue has confirmed it is using and intends to keep using VMware's software pursuant to perpetual license entitlements that it was never granted.

40. Kenvue is not an affiliate of JJSI and its use of the copyrighted software in Schedule A is not covered by the SLMA. To the extent the Adoption Agreement purports to replicate certain terms and conditions of the SLMA, it expressly excludes the Orders, amendments, and exhibits granting JJSI perpetual licenses to the copyrighted software.

41. Moreover, JJSI exceeded the scope of the SLMA when it reproduced and distributed VMware's copyrighted software to Kenvue without authorization as part of the spin-off.

42. VMware now brings this action to vindicate its rights under the Copyright Act.

43. Upon information and belief, Kenvue continues to willfully infringe VMware's copyrights.

### COUNT 1
### Direct Copyright Infringement
### (Against Kenvue and JJSI)

44. VMware realleges and incorporates by reference the foregoing allegations in this Complaint.

45. VMware is the registered owner of the valid and exclusive copyrights listed in Schedule A attached to this Complaint.

46. At all relevant times, the copyrighted software listed in Schedule A constituted confidential business and proprietary information belonging to VMware.

47. Perpetual licenses to use the copyrighted software listed in Schedule A were granted to JJSI pursuant to the ELA Order and amendments to the SLMA. The VMware licenses granted to JJSI were limited to the "internal business operations" of JJSI and its affiliates.

48. Kenvue is the consumer health spin-off from JJSI and operates independently from JJSI. Kenvue is not an affiliate of JJSI.

49. JJSI never requested permission to copy or transfer its perpetual licenses to Kenvue in connection with the spinoff.

50. During an IT scoping exercise of Kenvue's environment conducted by VMware in connection with Kenvue's request to renew its subscription licenses, VMware discovered instances of VMware software being used pursuant to purported perpetual license entitlements, even though VMware has never granted perpetual licenses to Kenvue. Specifically, VMware discovered that Kenvue is using and reproducing at least the software products listed in Schedule A pursuant to purported perpetual license entitlements without authorization. The relevant registration certificates are attached as Exhibit A-K.

51. JJSI exceeded the scope of the SLMA when it reproduced and distributed VMware's copyrighted software in Schedule A to Kenvue without authorization as part of the spin-off.

52. The unauthorized reproduction and distribution of VMware's copyrighted software by JJSI to Kenvue constitutes copyright infringement.

53. Moreover, since separating from JJSI, Kenvue has continued using and reproducing VMware's copyrighted software in Schedule A pursuant to purported perpetual license entitlements without a license or authorization, and has expressed its intention to continue using and reproducing VMware's copyrighted software under the purported perpetual license entitlements in the future.

54. The unauthorized reproduction of VMware's copyrighted software by Kenvue pursuant to purported perpetual license entitlements constitutes copyright infringement.

55. As a result of the foregoing activities, JJSI and Kenvue are liable to VMware for copyright infringement under 17 U.S.C. § 501. VMware has suffered and will continue to suffer losses that will be ascertained according to proof. Under 17 U.S.C. § 504(b), VMware is entitled to recover its actual damages and any profits of Defendants that are attributable to the infringement. In the alternative, VMware is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

56. VMware is also entitled to injunctive relief prohibiting Kenvue's continued infringement pursuant to 17 U.S.C. § 502. VMware has no adequate remedy at law for Kenvue's wrongful conduct because (a) VMware's copyrights are unique and valuable property, and (b) Kenvue's wrongful conduct and the resulting damage to VMware are continuing.

57. On information and belief, Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, on information and belief, Defendants have acted with willful blindness to, and in reckless disregard of, VMware's registered copyrights.

58. VMware also requests recovery of its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

### COUNT II
**Contributory Copyright Infringement**
**(Against JJSI)**

59. VMware realleges and incorporates by reference all foregoing allegations in this Complaint.

60. Kenvue is the consumer health spin-off from JJSI and operates independently from JJSI. Kenvue is not an affiliate of JJSI.

61. As set forth above, JJSI, without authorization, reproduced and distributed VMware's copyrighted software to Kenvue.

62. The unauthorized use and reproduction of VMware's copyrighted software by Kenvue constitutes copyright infringement.

63. JJSI knows or has reason to know that Kenvue's use and reproduction of the copyrighted software is unauthorized and infringes VMware's copyrights.

64. JJSI has induced, caused, and/or materially contributed to Kenvue's copyright infringement.

65. As a direct and proximate result of JJSI's conduct, VMware has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law.

66. As a direct and proximate result of the contributory infringement by JJSI set forth herein, VMware is entitled to actual damages and Defendants' profits attributable to its infringement.

67. Alternatively, VMware is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), and such other amounts as may be proper under 17 U.S.C. § 504(c).

68. On information and belief, JJSI's conduct has been willful within the meaning of the Copyright Act. At a minimum, on information and belief, JJSI has acted with willful blindness to, and in reckless disregard of, VMware's registered copyrights.

69. VMware also requests recovery of its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VMware demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

VMware requests the following relief:

1. An injunction requiring Kenvue to cease its unauthorized use and reproduction of VMware's copyrighted software listed in Schedule A;

  2. Actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) or, in the alternative, statutory damages under 17 U.S.C. § 504(c);

  3. Costs and reasonable attorney's fees under 17 U.S.C. § 505;

  4. Judgment in favor of VMware and against Defendants; and

  5. All other relief, legal or injunctive, as the Court finds appropriate.

Dated: September 19, 2025    HUESTON HENNIGAN LLP

By: _____
   Alison L. Plessman

*Attorneys for Plaintiff*
*VMware, LLC*

# SCHEDULE A

| Exhibit | VMware Software | Registration Number |
|---|---|---|
| A | Title of Work: vSphere 6<br><br>(VMware vSphere 6 Enterprise Plus (ESXi 6.7.0)) | TX0009477103 |
| B | Title of Work: vSphere7<br><br>(vSAN 7 Enterprise (ESXi 7.0.3), vSphere 7 Enterprise Plus (ESXi 7.0.3), Product Evaluation Licenses (ESXi) (ESXi 7.0.3)) | TX0009476034 |
| C | Title of Work: vCenter Server 6<br><br>(vCenter Server 6 Standard (ESXi 6.7.0)) | TX0009476970 |
| D | Title of Work: vCenter Server 6.7<br><br>(vCenter Server 6 Standard (ESXi 6.7.0)) | TX0009476963 |
| E | Title of Work: vCenter Server 7<br><br>(vCenter Server 7 Standard (ESXi 7.0.3); ), Product Evaluation Licenses (ESXi) (ESXi 7.0.3)) | TX0009476974 |
| F | Title of Work: VMware NSX 4.0.0.1<br><br>(NSX for vSphere (6.4.14)) | TX0009480017 |
| G | Title of Work: VMware NSX-T Data Center 1.1<br><br>(vDefend Firewall Bundle (formerly known as NSX Security Solutions (NSX-T and NSX-V))) | TX0009480367 |
| H | Title of Work: VMware NSX-T Data Center 2.0<br><br>vDefend Firewall Bundle (formerly known as NSX Security Solutions (NSX-T and NSX-V))) | TX0009480022 |
| I | Title of Work: VMware NSX-T Data Center 3.0<br><br>vDefend Firewall Bundle (formerly known as NSX Security Solutions (NSX-T and NSX-V))) | TX0009480089 |
| J | Title of Work: VMware vRealize Automation Version 8 | TX0009523305 |
| K | Title of Work: VMware vRealize Automation Version 7 | TX0009523025 |